UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2017-CIV-23808-SCOLA/TORRES

NATHAN WOODDY,

     Plaintiff,

v.

DELTA AIR LINES, a Delaware
corporation,

     Defendant.

_____/

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), pursuant to Fed. R. Civ. P. 8 and 12, hereby answers Plaintiff's Complaint as follows:

### "JURISDICTION"

1.     Defendant admits that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 due to the existence of a federal question under the FMLA.

### "VENUE"

2.     Defendant admits that venue is proper in the Southern District of Florida.

3.     Defendant admits that it employed Plaintiff.  Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's residence and therefore denies them.

4.     Admitted.

## "**GENERAL ALLEGATIONS**"

5.      Defendant realleges and adopts the responses to the allegations of Paragraphs 1-4, as if fully set forth herein.

6.      Admitted.

7.      Denied.

8.      Defendant admits that Plaintiff received some complimentary reviews from customers of Delta while he was employed by Delta.  Defendant denies being served any exhibits with Plaintiff's Summons and Complaint.  Otherwise, denied.

9.      Defendant cannot admit or deny Plaintiff's assertion of "perfect attendance" because Defendant is unaware of what Plaintiff means by that phrase, and therefore presently has insufficient information to admit or deny this allegation.  Denied that Plaintiff had no discipline for attendance prior to the events alleged within the Complaint.  Otherwise, denied.

10.     Defendant admits that in 2017 it commenced an investigation into Plaintiff's unscheduled absences.  Otherwise, denied.

11.     Admitted that, on or about June 6, 2017, a letter was issued to Plaintiff and that the content of that letter speaks for itself.  Defendant denies being served any exhibits with Plaintiff's Summons and Complaint and therefore presently has insufficient information to admit or deny whether the purported "Exhibit C" to the Complaint is a true copy of the June 6, 2017 letter.

12.     Admitted that, on or about July 6, 2017, Plaintiff's employment with Delta was terminated.

## "**FMLA COVERAGE**"

13.     Defendant admits that it was an employer under the FMLA.

2

14.     Defendant admits only that Plaintiff applied for intermittent leave under the FMLA on or about August 19, 2016, and that he was approved for same.  Otherwise, denied.

**"I. Mr. Wooddy's Absences in Question"**

15.     Defendant admits that Plaintiff had an unscheduled absence on or about July 25, 2016.  Defendant is without sufficient knowledge to admit or deny the allegations pertaining to Plaintiff's health condition and therefore denies them.  Otherwise, denied.

16.     Defendant is without sufficient knowledge to admit or deny the allegations pertaining to Plaintiff's health condition and therefore denies them.

17.     Defendant admits that Plaintiff had unscheduled absences on October 6-8, 2016. Defendant is without sufficient knowledge to admit or deny the allegations pertaining to Plaintiff's conduct while he was absent from work on October 6-8, 2016, and therefore denies them.  Otherwise, denied.

18.     Defendant admits that Plaintiff had an unscheduled absence on January 4, 2017, and that he reported to Delta that he was "well" on January 5, 2017.  Defendant is without sufficient knowledge to admit or deny the allegations pertaining to Plaintiff's health condition and therefore denies them.  Otherwise, denied.

19.     Defendant admits that Plaintiff had unscheduled absences from January 21, 2017 through February 8, 2017.  Defendant is without sufficient knowledge to admit or deny the allegations pertaining to Plaintiff's health condition and therefore denies them.  Otherwise, denied.

20.     Defendant is without sufficient knowledge to admit or deny the allegations in this Paragraph and therefore denies them.

21.     Admitted that Delta has received some written correspondence relating to Plaintiff's absences and that the contents of the correspondence speak for themselves.  Defendant denies being served any exhibits with Plaintiff's Summons and Complaint and therefore has insufficient information to admit or deny whether the purported "Exhibit D" to the Complaint is an accurate copy of the alleged "approval letter."  Otherwise, denied.

22.     Defendant admits that Plaintiff had an unscheduled absence on February 24, 2017.  Defendant is without sufficient knowledge to admit or deny the allegations pertaining to Plaintiff's health condition and therefore denies them.  Otherwise, denied.

## "**COUNT I – FMLA RETALIATION**"

23.     Defendant realleges and adopts the responses to the allegations of Paragraphs 1-22, as if fully set forth herein.

24.     Denied.

25.     Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 25 of Plaintiff's Complaint.

## "**COUNT II – FMLA INTERERENCE**"

26.     Defendant realleges and adopts the responses to the allegations of Paragraphs 1-22, as if fully set forth herein.

27.     Denied.

28.     Denied.

29.     Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following paragraph 29 of Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted against his employer, Delta, because at all times relevant hereto, Delta did not interfere with Plaintiff's rights under the FMLA, and Delta acted in good faith and without any discriminatory motive or animus or retaliatory purpose or intent.

2.      Plaintiff fails to state a claim upon which relief can be granted because his employment was not terminated because of his leave under the FMLA, or his attempts to take such leave, but rather based on legitimate non-discriminatory reasons.

3.      Upon information and belief, Plaintiff's entitlement to damages, if any, is barred in whole or in part by his failure to mitigate his damages.

4.      Defendant reserves the right to assert additional defenses that may arise during the course of this litigation.


Dated: December 5, 2017.              Respectfully submitted,

                                      OGLETREE, DEAKINS, NASH, SMOAK
                                       & STEWART, P.C.
                                      701 Brickell Avenue, Suite 1600
                                      Miami, Florida 33131
                                      Telephone: 305.374.0506
                                      Facsimile: 305.374.0456

                                      *s/* David M. DeMaio
                                      David M. DeMaio
                                      Florida Bar No. 886513
                                      david.demaio@ogletreedeakins.com

                                      *Counsel for Defendant, Delta Air Lines, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<div align="center" style="margin-left:40%">

*s/* David M. DeMaio _____

David M. DeMaio

</div>

## SERVICE LIST

*NATHAN WOODDY v. DELTA AIR LINES*
United States District Court, Southern District of Florida
CASE NO.: 2017-CIV-23808-SCOLA/TORRES

Oscar A. Gomez, Esq
oscar@epgdlaw.com
EPGD BUSINESS LAW
2701 Ponce de Leon Blvd., Suite 202
Coral Gables, FL 33134
Telephone: 786.837.6787
Facsimile: 305.718.0687

*Counsel for Plaintiff, Nathan Wooddy*

Method of Service:  CM/ECF

David M. DeMaio
david.demaio@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
701 Brickell Avenue
Suite 1600
Miami, FL 33131-2813
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant, Delta Air Lines, Inc.*

32114468.2